a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DONALD M BOSWELL #567056,<br>Plaintiff | CIVIL DOCKET NO. 5:20-CV-01609<br>SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| STATE OF LOUISIANA,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 filed by *pro se* Petitioner Donald M. Boswell (#567056) ("Boswell"). Boswell is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center in Homer, Louisiana. Boswell challenges his conviction and sentenced imposed in the Twenty-Sixth Judicial District Court, Webster Parish.

Because Boswell's Petition is second and successive, it should be DISMISSED for lack of jurisdiction.

I. **Background**

Boswell was charged with one count of aggravated rape of a juvenile and one count of indecent behavior with a juvenile. *State v. Boswell*, 46,181 (La. App. 2 Cir. 4/13/11), 62 So.3d 874, 875, *writ denied*, 2011-1246 (La. 12/2/11), 76 So.3d 1174. Boswell pleaded guilty to one count of attempted aggravated rape. *Id.* at 876. At

sentencing, the trial judge listed numerous aggravating factors and sentenced Boswell to 48 years at hard labor. *Id.*

On appeal, Boswell argued that his sentence was excessive. The appellate court affirmed the sentence, and the Louisiana Supreme Court denied writs. *State v. Boswell*, 46,181 (La. App. 2 Cir. 4/13/11), 62 So.3d 874, 875, *writ denied*, 2011-1246 (La. 12/2/11), 76 So.3d 1174.

Boswell filed a § 2254 Petition in this Court, which was denied as untimely. *Boswell v. Louisiana*, 5:18-cv-00873 (W.D. La.), ECF No. 10. The United States Court of Appeals for the Fifth Circuit denied Boswell's request for a certificate of appealability. *Id.* at ECF No. 13. The United States Supreme Court denied Boswell's petition for a writ of certiorari. *Id.* at 14.

Boswell has filed three post-conviction applications, all of which were denied. ECF No. 1; *see also Boswell v. Louisiana*, 5:18-cv-00873 (W.D. La.), ECF No. 6. A writ application seeking review of the first denial was not considered by the Louisiana Supreme Court because it was untimely filed. *State ex rel. Boswell v. State*, 2016-0855, p. 1 (La. 5/19/17); 219 So.3d 1077. A writ application seeking review of the denial of his second post-conviction application was denied by the Louisiana Supreme Court because Boswell had previously exhausted his right to state collateral review. *State v. Boswell*, 2018-0350 (La. 3/25/19); 267 So.3d 597. A writ application seeking review of his third post-conviction application was also denied by the Louisiana Supreme Court. *State v. Boswell*, 2020-00630, p. 1 (La. 11/4/20); 303 So.3d 643.

In this new § 2254 Petition, Boswell claims that he was wrongfully interrogated following his arrest and denied effective assistance of counsel for counsel's failure to move to suppress Boswell's confession. ECF No. 1. These claims were raised in Boswell's third application for post-conviction relief.

## II. Law and Analysis

Boswell's first § 2254 Petition was adjudicated on the merits. *Boswell v. Louisiana*, 5:18-cv-00873 (W.D. La.); *see* In re: *Kerry Myers*, Case #11-30001 (5th Cir. 4/7/2011) (citing *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 870 F.2d 1044, 1045–46 (5th Cir. 1989) (a § 2254 petition dismissed with prejudice as time-barred is considered an adjudication on the merits)). Under 28 U.S.C. § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . ." 28 U.S.C. § 2244.

Before a second or successive petition can be filed in a district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). A habeas corpus petition is not second or successive simply because it follows an earlier federal petition. *In re: Cain*, 137 F.3d 234, 235 (5th Cir. 1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise

constitutes an abuse of the writ." *Id.* "[A]n application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 773 n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)).

Boswell's Petition is based on the claims that his interrogation was unconstitutional, and that his attorney failed to move to suppress the resulting confession. Boswell could have raised these claims in his first § 2254 petition. Therefore, his current Petition is second and successive, even though it contains a new claim.

Under § 2244(b)(2), a claim presented in a second or successive § 2254 petition that was not presented in a prior petition shall be dismissed unless: (1) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244.

Boswell does not argue that his claim is based on a new rule of constitutional law that was previously unavailable, or that the factual predicate for the claim was

4

not discoverable. Nor has Boswell obtained authorization to file a second or successive § 2254 Petition from the Fifth Circuit. Until Boswell obtains authorization from the Fifth Circuit, this Court is without subject matter jurisdiction over his Petition. *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

## III. Conclusion

Because Boswell's Petition (ECF No. 1) is second and successive and Boswell has not received authorization from the Fifth Circuit, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Boswell's claims.[1]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

---

[1] *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); *Reed v. Young*, 471 F.App'x 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Thursday, January 21, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE